UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE ALBERTO GONZALEZ HERNANDEZ, *et al.*,<br><br>  Petitioner,<br><br>  v.<br><br>KRISTI NOEM, *et al.*,<br><br>  Respondents. | Case No. 2:25-cv-02486-RFB-NJK<br><br>**ORDER** |

   Petitioners Jose Alberto Gonzalez Hernandez, Alfonso Mario Rios Rios, and Lidio Lopez Lopez, immigration detainees, have filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), and Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 2), challenging the lawfulness of their detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and Motion and preliminarily finds Petitioners likely can demonstrate that their circumstances warrant the same relief as this Court ordered for Petitioner Escobar Salgado in <u>Escobar Salgado v. Mattos</u>, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

   Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the requested preliminary injunction, ordering the immediate release of Petitioners from custody under the conditions imposed by the immigration judges in their alternative orders, should not be granted. <u>See</u> 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of appearance and (ii) "a return certifying the true cause of detention"** in response to the (ECF No. 2) Motion on or before **December 18, 2025.** <u>Id.</u> Petitioners may file a reply on or before **December 22, 2025**.

   **IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Motion. The Court would be amenable to

ruling on the papers if the parties indicate that they are willing to waive a hearing.

**IT IS FURTHER ORDERED** that if Respondents have no new arguments to offer that have not already been addressed by the Court, they should so indicate. Respondents are granted leave to incorporate by reference their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under the relevant local rules without leave. Respondents should file the referenced briefing as an attachment for Petitioners' counsel's review.

Additionally, the Court finds Petitioners have established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioners is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their response any documents *referenced or relied upon in their responsive pleading* including, but not limited to, any arrest warrant, notice to appear, Form-286, and/or Form I-213 relevant to Petitioners' arrest, detention, and removal proceedings, Respondents must so indicate, and file said documents with their pleading. If no such documents exist to support Respondents asserted basis for detaining Petitioners, they must indicate that in their response.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b)

and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioners out of this District. See <u>F.T.C. v. Dean Foods Co.</u>, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioners have satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1), Motion (ECF No. 2), attachments (ECF No. 1-1, 2-1), and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1), Motion (ECF No. 2), attachments (ECF No. 1-1, 2-1), and this Order to:

   i. The United States Attorney for the District of Nevada at **Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov**, and **caseview.ecf@usdoj.gov** in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

   ii. Counsel for Respondent John Mattos, Ashlee Hesman and Jacob Brady Lee, at **ahesman@strucklove.com** and **JLee@strucklove.com**.

4. **MAIL** a copy of the the Petition (ECF No. 1), Motion (ECF No. 2), attachments (ECF No. 1-1, 2-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

   1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

   2) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

   3) Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500

12th Street, SW, Washington, DC 20536

4) Brian Henkey, Acting Field Office Director of Salt Lake City Field Office of U.S. Immigration and Customs Enforcement, 2975 Decker Lake Dr. Ste. 100, West Valley City, UT 84119

5) John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the the Petition (ECF No. 1), Motion (ECF No. 2), attachments (ECF No. 1-1, 2-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** December 15, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**